UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA§

JUSTIN DEONTA STROM,

Petitioner,

v.

ANDRE MATEVOUSIAN,

Respondent.

No. 1:16-cv-01842-SKO HC

**ORDER DISMISSING WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION**

**Screening Memorandum**

Petitioner Justin Deonta Strom proceeds *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] As grounds for relief, Petitioner alleges (1) the restitution order was invalid based on the District Court's failure to articulate its calculation; (2) Petitioner is actually innocent of the crime for which he is imprisoned; and (3) the restitution order is not authorized by statute.

## I. Screening Required

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears

[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented in writing to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**II. <u>This Court Lacks § 2241 Jurisdiction Over Petitioner's Claims</u>**

**A. <u>In General</u>**

A federal court may not consider a habeas action over which it has no jurisdiction. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). "[T]o determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." *Id.*

A federal prisoner may challenge the manner, location, or conditions of a sentence's execution by filing a petition pursuant to § 2241 in the "custodial court," that is, the court of the district in which he is incarcerated. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *Hernandez*, 204 F.3d at 864-65. If the prisoner challenges the legality of his conviction or sentence as Petitioner does here, however, a motion under 28 U.S.C. § 2255, filed in the court of conviction, is the exclusive means by which he may test the legality of his detention. *Stephens*, 464 F.3d at 897; *Tripati v. Henman*, 843 F.2d 1160, 1161-62 (9th Cir. 1988). Generally, a prisoner may not collaterally attack a federal conviction or sentence by filing in the custodial court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, as Petitioner seeks to do in this case. *Tripati*, 843 F.2d at 1162.

**B. <u>The "Escape Hatch"</u>**

An exception to the general rule, commonly referred to as the "escape hatch" or the "savings clause," "permits a federal prisoner to file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Stephens*, 464 F.3d at 897 (citations and internal quotations omitted); *see also* 28 U.S.C. § 2255; *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008) ("If the prisoner's claims qualify for the escape hatch of § 2255, the prisoner may challenge the legality of a sentence through a § 2241 petition in the custodial court"); *Hernandez*, 204 F.3d at 864-65; *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997). The exception is very narrow. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). "[A] prisoner may file a § 2241 petition

under the escape hatch when the prisoner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (internal quotations omitted).

"The general rule in this circuit is that the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective.'" *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) (quoting 28 U.S.C. § 2255). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied or because a remedy under § 2255 is procedurally barred. *See Aronson v. May*, 85 S.Ct. 3, 5 (1964); *Tripati*, 843 F.2d at 1162-63; *Williams v. Heritage*, 250 F.2d 390, 390 (9th Cir. 1957); *Hildebrandt v. Swope*, 229 F.2d 582, 583 (9th Cir. 1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

Here, Petitioner challenges the validity and constitutionality of the sentence imposed by the Eastern District of Virginia rather than the administration of his sentence at United States Penitentiary-Atwater. As such, proper procedure required him to file a motion pursuant to § 2255 in the Eastern District of Virginia rather than a petition pursuant to § 2241 in this Court. Because Petitioner has previously filed two § 2255 motions, he must first secure authorization from the Fourth Circuit to file a second or successive § 2255 motion. Petitioner has not moved the Fourth Circuit for authorization to proceed with a second or successive § 2255 motion. To proceed with the above-captioned § 2241 petition in this Court, Petitioner bears the burden of establishing that a § 2255 motion is an inadequate or ineffective remedy.

Petitioner pleaded guilty to sex trafficking of a child contrary to 18 U.S.C. § 1591. In petitions filed July 29, 2014 and August 20, 2015, Petitioner sought to set aside his plea in motions for relief pursuant to 28 U.S.C. § 2255. As a result, the petition can proceed only if Petitioner establishes entitlement to use the escape hatch to bring his claims in a § 2241 petition.

**C. Actual Innocence**

In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested using the standard articulated by the U.S. Supreme Court in *Bousley v. United States*, 523 U.S. 614 (1998). *Stephens*, 464 U.S. at 898. "To establish actual innocence, petitioner must

demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)) (*internal quotation marks omitted*). The required showing demands that the petitioner make a showing of factual innocence, "not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In other words, the exception concerns "actual as opposed to legal innocence." *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). The actual innocence requirement is not satisfied when a petitioner merely asserts that he was factually innocent of his crimes of conviction but does not introduce "evidence tending to show that he did not commit the [acts] underlying his convictions." *Marrero*, 682 F.3d at 1192. The petitioner bears the burden of proof. *Lorentsen*, 223 F.3d at 954. When a prisoner cannot establish actual innocence, the claim must proceed under § 2255.

"A prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime." *Sawyer*, 505 U.S. at 340. Although such claims are regularly made after conviction in both state and federal courts, they are "quite regularly denied because the evidence adduced in support of them fails to meet the rigorous standards for granting such motions." *Id.* Only in rare instances, such as when another person has confessed to the crime, is it "evident that the law has made a mistake." *Id.*

**1. <u>Claim Two</u>**

In claim two, Petitioner contends that he pleaded guilty to 18 U.S.C. § 1591(a)(1) but has been imprisoned under "18 U.S.C. §§ 1591 and 2," which is not punishable by imprisonment. Petitioner's statutory interpretation is incorrect. Section 1591(a) provides:

> (a) Whoever knowingly—
>
> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
>
> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> Knowingly, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that

> means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in the commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

Section 1591(b) provides for a term of imprisonment for an individual convicted of child sex trafficking under Section 1591(a), with the minimum term of imprisonment to be determined by the age of the trafficked child. Because, as Petitioner concedes, he pleaded guilty to § 1591(a), he was properly sentenced to prison pursuant to § 1591(b). Section 1592, which prohibits the destruction or concealment of documents related to violations of multiple human trafficking laws, including § 1591, has no apparent application to Petitioner's conviction.

Accordingly, claim two does not allege a valid basis for factual innocence.

**2. McKenzie Wilson Statement**

Petitioner also contends that the statement of McKenzie Wilson establishes Petitioner's actual innocence. McKenzie Wilson (designated "M.W." in underlying criminal case) is one of the minors whom Petitioner and his co-defendants were convicted of commercial sex trafficking. A careful reading of the Ms. Wilson's statement does not support a finding of actual innocence since Ms. Wilson does not state that Petitioner did not participate in the sex trafficking conspiracy, but only contends that he played a smaller rule than some other conspiracy members.

**D. Unobstructed Procedural Shot**

To determine whether a Petitioner has had an unobstructed shot at pursuing a claim, the Court must consider (1) whether the claim's legal basis did not arise until after he had exhausted his direct appeal and first § 2255 motion and (2) whether the law changed in any way relevant to the claim after the § 2255 motion. *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). An intervening court decision does not establish that a petitioner failed to have an unobstructed procedural shot at a claim unless it "effect[s] a material change in applicable law." *Harrison*, 519 F.3d at 960.

When a § 2241 petitioner previously raised the same claim in a § 2255 motion, he has "had an unobstructed procedural shot to pursue his claim." *Harrison*, 519 F.3d at 961. "[I]t is not

enough that Petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." *Ivy*, 328 F.3d at 1060.

Arguing that the Eastern Virginia District Court erred in declaring his claims to be procedurally defaulted, Petitioner concedes that he raised the issues in his prior § 2255 motions. Accordingly, Petitioner has himself established that he has had a previous unobstructed procedural shot to advance his claims.

**E. Summary**

Because Petitioner establishes neither actual innocence nor the absence of an unobstructed procedural shot at his claims, this Court lacks jurisdiction over this § 2241 petition.

**III. Restitution Claims Are Not Cognizable in Habeas Corpus**

Even if Petitioner could establish a right to bring his claims in a § 2241 petition, the Court would lack jurisdiction to consider Petitioner's restitution claims. "The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody under or by color of authority of the United States . . . . ." 28 U.S.C. § 2241(c)(1). "Because the "in custody" requirement is jurisdictional, "it is the first question we must consider." *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998) (*citation omitted*). To be in custody generally requires a restraint on liberty not experienced by the public generally. *Id.* Collateral consequences of a conviction, such as a fine, loss of a license, or a restitution order, do not satisfy the in-custody requirement. *Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010); *Williamson*, 151 F.3d at 1183. Imposition of a restitution order does not constitute "a significant restraint on liberty." *Bailey*, 599 F.3d at 979. That a petitioner is in physical custody when he files a petition challenging a restitution order is not sufficient to confer jurisdiction. *United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002).

Because claims one and three challenge the validity of the Petitioner's restitution order, these claims do not satisfy the "in custody" requirement. The Court would be required to dismiss those claims for lack of jurisdiction even if Petitioner had established an entitlement to file a § 2041 petition.

//

//

**IV. Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that it lacks jurisdiction over the above-captioned petition to be debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

**V. Conclusion and Order**

It is hereby ordered that the petition be DISMISSED for lack of jurisdiction. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **December 28, 2016**

/s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE